UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MASSIMILIANO DELLAGUARDIA,<br><br>　　　　　　　Defendant. | CASE NO. CR 10-226-JLR<br><br>DETENTION ORDER |

Offenses charged:

　　Count 1 - Conspiracy to Distribute Cocaine3 and Marijuana

　　　　　(500 grams or more of cocaine)

　　Count 2 - Possession with Intent to Distribute Cocaine

　　　　　(In furtherance of conspiracy charged in Count 1)

Date of Detention Hearing: August 18, 2010

　　The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

1  condition or combination of conditions which defendant can meet will reasonably assure the
2  appearance of defendant as required and the safety of any other person and the community.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) **Court's Own Motion for Detention.**  The court has conducted a detention hearing on its own motion, pursuant to 18 U.S.C. Sec. 3142(f)(2).  Defendant's dozens of failures to appear establish a serious risk he will flee.  In addition, in light of the nature of the charges and the rebuttable presumption (see paragraph 2 below), U.S. v. Fortna, 769 F. 2d 243 (5th Cir. 1985) holds that this circumstance also provides the basis for a court's own motion for detention.

(2) **Rebuttable Presumption of Detention**.  Defendant is charged with two drug offenses, each of which carries a maximum penalty in excess of ten years.  There is therefore a rebuttable presumption against defendant as to both dangerousness and flight risk, under 18 U.S.C. § 3142(e).  Neither defendant's cooperation with the U.S. Attorney, nor any other facts of record, effectively rebuts that presumption.

(3) **Prior Failures to Appear**.  The pretrial services report documents literally dozens of prior failures by this defendant to appear as directed for state court hearings.  These failures have resulted in the issuance of many bench warrants.

(4) **Criminal History.**  Defendant has an extensive criminal record, both juvenile and adult, as documented on pages 5 through 14 of the pretrial services report.  Selected items include many controlled substance violations; second degree robbery; assault fourth degree; domestic violence (two convictions) and assault; violation of no contact order; unlawful possession of a firearm; attempt to elude police vehicle; obstructing a

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

      law enforcement officer; harassment; death threats to King County Sheriffs; and property destruction first degree along with domestic violence.

(5) **Substance Abuse.** He has a history of abuse of alcohol and controlled substances. He has been unsuccessful in treatment programs.

(6) **Employment and Residence.** He is unemployed, and has not had a stable residence history.

(7) **Recommendation by Pretrial Services Office.** After extensive research, including an interview of defendant and his relatives, the Pretrial Services Office has recommended detention, supported by a 15-page report. Their recommendation is amply documented and justified by the facts set forth.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

DETENTION ORDER - 3
18 U.S.C. § 3142(i)

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 18th day of August, 2010.

                                            s/ John L. Weinberg
                                            United States Magistrate Judge

DETENTION ORDER - 4
18 U.S.C. § 3142(i)